UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GLASS,<br><br>              Plaintiff,<br><br>   v.<br><br>CDCR, et al.,<br><br>              Defendants. | Case No. 1:22-cv-00047-EPG (PC)<br><br>ORDER TRANSFERRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA |

      Plaintiff, a state prisoner proceeding *pro se*, has filed a civil rights action.

      The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

      It appears that this case was accidently e-filed in the Fresno Division of the United States District Court for the Eastern District of California.  There is no indication that any defendant resides within the boundaries of the Fresno Division or that any of the events or omissions giving

rise to the claims occurred within the boundaries of this division. While some of the defendants may reside in Sacramento, which is part of the Sacramento Division of the United States District Court for the Eastern District of California, Plaintiff has not alleged that all defendants reside in California. In fact, Plaintiff alleged that "[v]enue is proper in the Central District of California … because nearly all the claims derived or occurred at the California State Prison, Los Angeles County, in Lancaster, California[,] in the Central District of California." (ECF No. 1, p. 3). Thus, venue is proper in the Central District of California, where Plaintiff intended to file this action. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

    Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California.

IT IS SO ORDERED.

Dated:  **January 13, 2022**　　　　　　　　/s/ *Erica P. Grosjean*
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE